ALBERT V. DEMAREST AND LOUISE ENGLERT, PROSECUTORS, v. MAYOR AND COUNCIL OF THE BOROUGH OF BERGENFIELD, RESPONDENT.

Submitted January term, 1930—Decided July 17, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Clyde Christie.*

For the respondent, *Winne & Banta.*

PER CURIAM.

The writ in this case was allowed to test the validity of certain street assessments. The lands sought to be assessed were conveyed to the borough by deed dated December 12th, 1924, and on the same date the prosecutor, Albert V. Demarest, entered into an agreement in writing whereby the borough should make the street improvements at its own cost and without expense and assessment against the property, this agreement being by way of consideration for the conveyance.

On May 19th, 1925, the other prosecutor, Louise Englert, entered into an agreement in writing with the borough to convey to the borough certain of her lands and in consideration of this agreement and of a deed subsequently executed in pursuance of it the borough agreed to make the street improvements at its own cost, except as to one-third of such assessment as might be levied. Subsequently the assessments now complained of were made in their entirety, disregarding the obligations of the agreement above mentioned.

The borough now seeks to repudiate its own part of the contract and in violation of its terms collect the entire assessment, contending that the agreement in so far as it obligated the borough to make the improvements at its own cost was *ultra vires* and against public policy.

Such a contention is neither commendable in morals or valid in law. Having acquired the property, and as part of the consideration therefor agreeing to exempt the properties in whole or in part from assessment for the cost of improvements, these agreements became part of the purchase price. As was said in the case of *Perth Amboy Trust Co.* v. *Perth Amboy*, 75 *N. J. L.* 293: "The condition * * * was in effect the price the city was willing to pay for the land. If the city had power to buy the land at such sum it had power to agree to expend such sum upon the land as the condition of its perpetual dedication to public uses. After the expenditure of the sum thus required, the public had no more standing to exact payment from the abutting owners than

the owners have to exact damages from the public for taking the land." This case is controlling here.

The assessments are set aside, with costs, except as to the one-third of the assessment against the property of Louise Englert.